IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER CENTERS,

        Plaintiff,

v.                                                            CIVIL ACTION NO. 2:21-cv-00186

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Complaint* (Document 2), wherein the Plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for benefits under the Social Security Act. By *Standing Order* (Document 3) entered on March 26, 2021, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On August 2, 2021, the Magistrate Judge submitted a *Proposed Findings and Recommendations* (PF&R) (Document 7), wherein it is recommended that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve process.

The Petitioner filed *Objections to Proposed Findings and Recommendations* (Document 8) on August 16, 2021. For the reasons stated herein, the Court finds that the Petitioner's objections should be overruled, the Magistrate Judge's PF&R adopted, and this matter should be dismissed.

## STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to conduct a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections).  A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).  A district court's authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed.  *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face.").  Thus, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties.  *See United States v. Raddatz,* 447 U.S. 667, 676 (1980).  Running parallel with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges.  *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .."  42 U.S.C. § 405(g).

"When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)). In making its determination, the Court must look to "the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971). When the Commissioner's decision clearly disregards the overwhelming weight of the evidence, the Court may modify or reverse the decision. *Id.*

## DISCUSSION

On March 25, 2021, the Plaintiff filed his Complaint in this matter, together with an Application to Proceed Without Prepayment of Fees and Costs. The Magistrate Judge granted the Application to Proceed Without Prepayment of Fees and Costs on March 29, 2021, and directed the Plaintiff to serve the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4. The summons was issued the same day.

On July 13, 2021, approximately three and half months after the issuance of the summons, the Magistrate Judge entered a *Notice of Failure to Make Service Within Ninety (90) Days* (Document 6), advising the Plaintiff that this action would be dismissed pursuant to Federal Rule of Civil Procedure 4(m) unless he showed good cause for his failure to timely serve the complaint within ten days of the date of the Notice. The Plaintiff did not respond to that Notice.

On August 2, 2021, the Magistrate Judge entered the PF&R, recommending that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve process. On August 16, 2021, the Plaintiff filed objections to the PF&R, arguing that he did not receive any letters of action, nor does he know how to make a service. He stated that he mailed in the letter to continue without prepayment, and then the next letter he received was the failure to make service. He further argues that he does not have an attorney, and that he attempted to respond to all letters as soon as received.

Pursuant to Rule 4, a defendant must be served within 90 days of filing of the complaint. Fed. R. Civ. P. 4(m). If service is not perfected within 90 days, the court must determine whether the plaintiff has shown good cause for failing to timely effect service. *Id.* "The Fourth Circuit has explained that 'good cause' in the context of Rule 4(m) 'requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service.'" *Oakes v. Saul*, Civ. No. 1:19-00796, 2020 WL 3036006, at *1 (S.D. W. Va. Jun. 5, 2020) (Faber, J.). The plaintiff bears the burden of demonstrating good cause. *Id.* Several factors guide the determination of whether a plaintiff has demonstrated good cause, including whether:

> 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

*Scott v. Maryland State Dep't of Labor*, 673 F. Appx. 299, 306 (4th Cir. 2016). Good cause is determined on a case-by-case basis within the discretion of the district court. *Collins v. Thornton*, 782 F. Appx. 264, 267 (4th Cir. 2019).

4

The Plaintiff argues that he did not receive a copy of the Magistrate Judge's Order granting his application to proceed without prepayment of fees, which instructed him to make service. The Plaintiff further argues that he did not receive the summons. Instead, the Plaintiff asserts that he submitted the application to proceed without prepayment of fees, and the next correspondence he received was notice of failure to make service.[1]

In considering the factors set forth, the Plaintiff has asserted that his failure to make service is due to the fact that he did not receive the necessary correspondence. However, the Plaintiff stated that he received the Magistrate Judge's Notice of Failure to make service, which required the Plaintiff to respond within ten days providing good cause for failure to make such service. The Plaintiff did not respond by the appropriate deadline, but instead waited another month and filed objections to the Magistrate Judge's PF&R. In the interim, the Plaintiff made no effort to inquire about the status of the case or to determine what was necessary to prosecute it. Thus, the delay was within the Plaintiff's control and is attributable solely to the Plaintiff. The Plaintiff did not make reasonable efforts or act diligently, and the Defendant was not evasive.

The Plaintiff is proceeding both *pro se* and *in forma pauperis* in this matter and has asserted that he does not know how to make service. However, "ignorance of the rules, inadvertence, or mistakes construing the rules generally do not constitute excusable neglect." *Greenbrier Hotel Corp. v. ACE American Insurance Co.*, Civ. No. 2:19-00118, 2019 WL 2353372, at *4 (S.D. W. Va. Jun. 3, 2019) (Goodwin, J.). The Defendant will not suffer prejudice if the action is dismissed. And finally, the Plaintiff did not request an extension of time in accordance with Rule 6(b)(1)(A). Therefore, the Court finds that the Plaintiff has failed to meet his burden of

---

[1] The Court notes that it did not receive any mail returned as undeliverable that had been sent to the Plaintiff.

establishing good cause for failure to timely effectuate service, and further finds that the matter should be dismissed.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Objections to Proposed Findings and Recommendations* (Document 8) be **OVERRULED**, the *Proposed Findings and Recommendations* (Document 7) be **ADOPTED**, and this matter be **DISMISSED AND STRICKEN** from the docket of this Court**.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

          ENTER:   August 24, 2021

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA